**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **DRAKE ALLEN GAFFORD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COUNTY OF UPTON, UPTON** | § | |
| **COUNTY SHERIFF'S OFFICE, DAN** | § | |
| **W. BROWN LAW ENFORCEMENT** | § | **7:25-CV-00416-DC-RCG** |
| **CENTER, CINDY BROWN, LAURIE** | § | |
| **K. ENGLISH, STEVEN DODD, TYLER** | § | |
| **PERKINS, JERRY ROBERTSON, K.T.** | § | |
| **PRUETT, GRAHAM SMITH, OFFICE** | § | |
| **OF THE ATTORNEY GENERAL, and** | § | |
| **JANE DOE,** | § | |
| *Defendants.* | | |

## APPENDIX TO DEFENDANTS'
## MOTION TO DISMISS

In support of Defendants' Motion to Dismiss, the following evidence is included in this

appendix:

### TABLE OF CONTENTS

Exhibit A      Plaintiff's Notice of Claim dated May 23, 2023 .........................001

Exhibit B      Affidavits of Sheriff Sara Brown and Deputy Tyler Perkins........017

Exhibit C      Video Footage ............................................................................023

Respectfully submitted,

*/s/ Benjamin Petty*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com
BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,

CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
 (432) 367-7271  /  FAX:  (432) 363-9121

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system. The following parties will be notified of this filing, by the method indicated:

**Via Certified Mail**
Drake Allen Gafford
1350 FM 538
Stockdale, Texas 78160
*Plaintiff, Pro Se*

 */s/ Benjamin Petty*
BENJAMIN PETTY

# EXHIBIT A

**APPENDIX TO DEFENDANTS'
MOTION TO DISMISS**

Plaintiff's Notice of Claim
Dated May 23, 2023

(Attached)

# NOTICE OF CLAIM ON COUNTY OF UPTON/UPTON COUNTY

## Served via CERTIFIED MAIL# 7020 2450 0000 3802 8869 Return Receipt

:Drake-Allen; Gafford.
C/O Rural Route 1350 Farm to Market Road 538
Stockdale, Texas (Zip Code exempt)

To: COUNTY OF UPTON/UPTON COUNTY Principals, agents, directors, other unnamed trespassers, and all other parties in interest,

A claim has been made against you for the amount of $2,500,000.00 for your role and actions in Trespassing, Assault, Battery, Torture, Administering my Property without right or expressed written consent, Utilization of my Property for Unauthorized Bond Production, and Slander and Libel against I, a man. You are only public servants and nothing more, and are non-compliant with the Oathes, Constitutions, and Laws that bind you; and have willfully exceeded the limited powers that We the People have delegated to you through the Constitution and laws.

You willfully failed to respond to my request for public information, dishonoring yourselves by delignating a district attorney to perform on your behalf. That district attorney then chose dishonor over her Oath of Office by redacting all information deemed public by law.

You have ten (10) days upon receipt to either rebut the Affidavit of Truth point-for-point with your affidavit, or I will begin to proceed with Administrative, Civil, and criminal remedies against both yourselves and the corporate COUNTY OF UPTON/UPTON COUNTY. Failure to rebut the Affidavit of Truth will result in the Trespasser's tacit agreement that the facts set forth in it are true, correct, accurate, not misleading, and binding to the Trespassers. This will result in the execution of this claim against all Trespassers, and the unrebutted Affidavit of Truth being used against said Trespassers in future Civil and Criminal proceedings.

I, a living flesh-and-blood man, further give notice to all Trespassers That I reserve all of my rights to file a Civil action in Federal District Court under the Common Law for Trespass OR under Title 42 section 1983, for the deprivation of rights, privileges, and immunities secured by the Constitutions and Laws.

I, a man, further give notice to all Trespassers that I reserve all of my rights to file Criminal complaints for any actions found to be non-compliant with:

a) 18 USC 241 – Conspiracy against rights.
b) 18 USC 242 – Deprivation of rights under color of law.
c) 18 USC 1001 – False statements or Entries Generally.
d) 18 USC 111 – Assault
e) 18 USC 514 – Fictitious obligations
f) 18 USC 912 – False personation
g) 18 USC 245 – Federally protected activities

## 42 U.S. Code 1983. Civil action for deprivation of rights

*….Every person who under color of any statute, ordinance, regulation, code, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person or people(s) within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured at an action at law, suit in equity, or other proper proceeding for redress….*

I, a living flesh-and-blood man, an American State National, one of We the People,  with all the rights, privileges, and immunities thereof, further give notice that any man or woman doing business as the COUNTY OF UPTON/UPTON COUNTY and all other interested parties; that if it is discovered that they have played a role in the matters set forth in the attached Affidavit of Truth, or, if they are parties claiming either interest, authority, right, power, or jurisdiction involving I, a man, and/or my property, DRAKE ALLEN GAFFORD (and all other derivatives of such), as my ownership of such is known to THE STATE OF TEXAS as it has been recorded on the land, that I, a flesh-and-blood man, :Drake-Allen; Gafford., Attorney in Fact, Executor, and Sole Beneficiary of the DRAKE ALLEN GAFFORD Trust reserve all rights to pursue Administrative, Civil, and Criminal remedies against each of them in their individual capacities as men and women for their roles and actions in Trespassing and Administering my Property without right or expressed, written consent, and for deprivation of my rights, privileges, and immunities, secured and protected by the Constitution for the United States of America and the Laws of same.

Maxims of Commerce: All are equal under the law, in commerce truth is sovereign, truth is expressed in the form of an Affidavit, an unrebutted affidavit stands as truth in commerce, an unrebutted affidavit becomes the judgement in commerce, sacrifice is the measure of credibility.

:Drake-Allen; Gafford.
Attorney in Fact, Executor, and Sole Beneficiary of the DRAKE ALLEN GAFFORD Trust
All Rights Reserved UCC 1-308

## Notary Public as JURAT CERTIFICATE

_Texas_ **State**

_Wilson_ **County**

**The United States of America**

On the _May 23rd, 2023_ date before me,
a Notary Public, personally appeared _Drake Cofford_
who proved to me on the basis of Satisfactory evidence to be the man whose
Name is subscribed to the within attached instrument and acknowledged to Me
that he executed the same in his authorized capacity, and that by his autograph on
the instrument the man executed, the instrument known as NOTICE OF CLAIM ON
COUNTY OF UPTON/UPTON COUNTY

I certify under PENALTY OF PERJURY under the lawful laws of _Texas_ State
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____
Of Notary/Jurat                                          Seal

```
ETHAN DOYLE
Notary Public, State of Texas
My Comm. Exp. 01-17-2027
ID No. 13414902-7
```

_Notice to agents is notice to principal, Notice to principal is notice to agent_
This is The End of the affidavit.

# Exhibit A

## 18 U.S. Code 241 – Conspiracy against rights

*If two or more persons conspire to injure, oppress, threaten, or intimidate any person or people(s) in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privileges secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or*

*If two or more persons go in disguise on the highway or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured –*

*They shall be fined under this title or imprisoned not more than ten years, or both; and if death results in the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years, or for life, or both, or may be sentenced to death.*

## 18 U.S. Code 242 – Deprivation of rights under color of law

*Whoever, under color of any law, statute, code, ordinance, regulation, or custom, willfully subjects any person or people(s) in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties on account of such person or people(s) being an alien, or by reason of his color, or race, or than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both, and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping, or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or life, or both, or may be sentenced to death.*

# AFFIDAVIT OF TRUTH

STATE OF TEXAS

COUNTY OF UPTON/UPTON COUNTY

Be it known to all whom it may concern, that the statements herein are factual and correct. As a free man upon the land, not beholden to any corporate entity, I do swear to the truth and accuracy of these facts as follows...

## I. THE ORIGINAL MATTER

1. On the 29th day of January, 2023 at approximately 21:00 hours (9:00 pm), I was stopped while travelling for work by UPTON COUNTY SHERIFF'S OFFICES DEPUTY, TYLER PERKINS by virtue of red and blue emergency lighting.

2. Upon arrival to my window, I did ask TYLER PERKINS if there was an emergency, to which he responded there was no emergency.

3. TYLER PERKINS then requested my DRIVERS LICENSE.

4. I then requested the reason for the estopple to which TYLER PERKINS stated that there were no lights on the flatbed, "low-boy" trailer that I had in tow.

5. I then looked both in the sideview mirror and leaned out of the window to look at the trailer.

6. Noticing that all lights on both the truck and trailer were functioning, I stated that they were all functioning now, and requested my leave.

7. TYLER PERKINS denied my request and stated that, "I must have just turned them on."

8.  TYLER PERKINS did then again request my DRIVERS LICENSE.

9.  I asked if this detainment was due to an emergency to which TYLER PERKINS again responded that it was not.

10. I again requested my leave which again was denied.

11. I asked again if there was an emergency, to which TYLER PERKINS responded that there was not.

12. I asked TYLER PERKINS if I had broken or violated any laws to which he responded yes.

13. When asked what laws I had broken he responded that I did not have lights on the trailer and that I was refusing his LAWFUL ORDER to surrender my DRIVERS LICENSE.

14. I requested that TYLER PERKINS call a supervisor to the scene.

15. TYLER PERKINS refused this request.

16. TYLER PERKINS then demanded I surrender my DRIVERS LICENSE.

17. Again, I requested a supervisor and this request was also denied.

18. TYLER PERKINS then asked me to remove myself from the automobile.

19. After exiting the automobile, I was escorted to the back of the trailer and sat down on the trailer deck facing the windshield of the UNIT operated by TYLER PERKINS, parked approximately three feet behind the trailer.

20. TYLER PERKINS again demanded my DRIVERS LICENSE to which I requested again to speak with his supervisor.

21. Again TYLER PERKINS refused my request.

22. TYLER PERKINS then asked if I was going to "...give him my license, or not?"

23. I responded with "no"

24. TYLER PERKINS then did begin to assault me while armed as I requested for him to please cease his assault and call a supervisor.

25. During this assault I noticed a rattlesnake was coiled in a striking position between the front driver's side tire of the UNIT and TYLER PERKINS leg.

26. I then pushed TYLER PERKINS out of the way of the snake, away from the roadway, moving both of us toward the fence line and away from danger.

27. TYLER PERKINS was then held on the ground until I witnessed the snake leave the area as he was attempting to push myself and himself back toward the roadway and toward where the snake had been.

28. I then asked TYLER PERKINS if he was cool and OK to which he responded yes.

29. I helped TYLER PERKINS up.

30. TYLER PERKINS then ran towards the right rear of the UNIT pulled out and pointed his weapon at me, then called for a backup.

## II. THE SECOND MATTER

31. An, as-of-yet, unidentified UPTON COUNTY/COUNTY OF UPTON SHERIFFS OFFICES DEPUTY arrived.

32. I asked if he was a supervisor to which he replied no.

33. He demanded I put my hands behind my back which I did.

34. Said unnamed DEPUTY then shouted out, "Oh my God! What's behind his back?!"

35. Both myself, and DEPUTY TYLER PERKINS answered in unison, "Nothing".

36. I was then tackled off the deck of the trailer by unnamed DEPUTY.

37. Unnamed DEPUTY grabbed me by my hair and slammed my face into the ground.

38. The Unnamed DEPUTY then placed me in handcuffs, stood on my back and helped DEPUTY TYLER PERKINS adjust my shirt so that they could place their taser guns in the most effective place against my skin.

39. Tasers were then deployed while I lay facedown in handcuffs while unnamed DEPUTY yelled, "Quit resisting!"

40. After tasing me, unnamed deputy whispered to DEPUTY TYLER PERKINS to reload (the taser)

41. After reloading (the tasers) their tasers were placed in the most ideal place to inflict pain according to the unnamed DEPUTY by virtue of his whispered instructions to TYLER PERKINS, "...because it hurts worse here".

42. Unnamed deputy continued to yell "Quit resisting!" through several rounds of tasing even though I was in handcuffs, laying flat on my stomach, bleeding from my face, with him standing on my back.

43. I was lifted off of the ground where I was met by an UPTON COUNTY SHERIFFS OFFICES DEPUTY supervisor SGT PRUITT.

44. DEPUTY SGT PRUITT told me that these things happen when I assault officers.

45. I then asked SGT PRUITT if he thought that that was what actually happened. DEPUTY SGT PRUITT offered no response to my question.

46. EMTs were dispatched due to my injuries. I denied medical attention, but allowed them to pull multiple sets of taser prongs from my back and hip.

47. Though I denied all medical attention I was carried by TYLER PERKINS to the local hospital where a nurse dressed the wounds on my face.

48. At the hospital I was guarded by another unnamed DEPUTY that only referred to himself as an investigator.

49. I was then transported to the UPTON COUNTY JAIL by TYLER PERKINS.

50. I was booked into UPTON COUNTY JAIL where I was confined for 50 hours until DEPUTY SGT PRUITT allowed me to phone legal council.

51. Prior to being allowed to use the phone, DEPUTY SGT PRUITT stated that he got "...sovereign citizen vibes" from me. I informed him that an individual could not be both sovereign and a citizen because the definitions of sovereign and citizen, legal or otherwise, were in stark contrast to each other. I informed him that my status was that of an American State National. He told me that he did not know what that was.

52. After 63 total hours, an unauthorized surety bond was created under the legal fiction, GAFFORD, DRAKE ALLEN, by an unnamed magistrate and I was released.

# III. AFTER CONFINEMENT

53. Upon return to my domicile, I did create an instrument hereby named NOTICE TO PRESERVE and an instrument hereby named PUBLIC INFORMATION ACT REQUEST. (See attached documents)

54. Both documents were then legally, and lawfully served to UPTON COUNTY/COUNTY OF UPTON by certified mail, return receipt requested. (See attached documents)

55. I received two letters from the TEXAS 112TH DISTRICT, DISTRICT ATTORNEY, LAURIE K. ENGLISH. (See attached documents)

56. I Immediately responded to her letters by creating an instrument hereby named NOTICE OF DISHONOR and an instrument hereby named ADDENDUM TO ORIGINAL PUBLIC INFORMATION ACT REQUEST. (See attached documents)

57. Both documents were legally and lawfully served to LAURIE K. ENGLISH as UPTON COUNTY/COUNTY OF UPTON DISTRICT ATTORNEY, and KEN PAXTON as ATTORNEY GENERAL OF THE STATE OF TEXAS. JANE NELSON as SECRETARY OF STATE OF THE STATE OF TEXAS and MERRICK GARLAND as ATTORNEY GENERAL OF THE UNITED STATES were both legally and lawfully served also, as witnesses to my instruments. All certified mail, return receipts requested. (See attached documents)

58. No response was received from any entity mentioned within 21 days of received. I did however, receive a carbon copy of a letter to Laurie K. English from the STATE ATTORNEY GENERAL'S OFFICE to turn over all publicly accessible information.

## IIII. LONG TERM EFFECTS AND LASTING INJURIES

59. Shoulder injury. Suspect either rotator cuff or a separated clavicle. I no longer have full range of motion or strength in the right shoulder. This has impacted my ability to earn a living do to the fact that I can no longer rope.

60. Knee injury. Suspect soft connective tissue damage. I have constant pain in right knee. My right knee will periodically give out due to excruciating pain. This has impacted my livelihood as I am limited in what I can accomplish without assistance concerning my livestock.

61. Back injury. Suspect nerve damage. I will periodically have a shooting pain from my left lower back down my leg. When this occurs, I am bed ridden for at least a day. A day of energy therapy (TINS Unit or Magnawave) will typically have me up and around again. This has impacted both my ability to earn wages as well as my quality of life as I cannot accomplish anything, assisted or otherwise, while bedridden.

62. Erectile dysfunction. I have been unable to obtain an erection since this incident. This has caused a rift in my relationship, though my sweetheart has been understanding of

the situation and has tried to be supportive. Medication (Viagra, Cialis, Syldenifil) has had no affect.

63. None of the afore mentioned issues existed prior to this incident.

I do swear to the truth of each item, claim, or instance listed above.

Further Affiant sayeth not
IN WITNESS WHEREOF, I have hereunto set my hand and seal this day of May 19th, 2023.
Without prejudice and no recourse, all rights retained
Under UCC 1-308

I hereby declare by my honor and under my Authority as one of "We the People" and under the laws of the United States of America in that an affidavit un-rebutted within 21 days becomes fact in law.

_____

**Attorney in fact, Executor, and Sole Beneficiary**
**Of the DRAKE ALLEN GAFFORD Estate**

:Drake-Allen; Gafford.
C/O Rural Route 1350 Farm to Market Road 538
Stockdale, Texas [near 78160]
(830)484-7332

# Notary Public as JURAT CERTIFICATE

__Texas_____ State

__Wilson_____ County

## The United States of America

On the _23rd_ day of __May_____, in the year of our Lord two thousand twenty three, before me, a Notary Public, personally appeared

__Drake Gafford_____ who proved to me on the basis of satisfactory evidence to be the living flesh and blood man whose Name is subscribed to the within attached instrument and acknowledged to Me that he exercised the same in his authorized capacity and that by his autograph(s) on the instrument the flesh and blood man executed, the instrument known as

AFFIDAVIT OF TRUTH

I certify under PENALTY OF PERJURY under the lawful laws of the Texas State

That the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Of Notary / Jurat                              Seal



ETHAN DOYLE
Notary Public, State of Texas
My Comm. Exp. 01-17-2027
ID No. 13414902-7

Notice to agents is notice to principal, Notice to principal is notice to agents

This is The End of the affidavit.

# AUTHORITY FOR FINES (DAMAGES) CAUSED BY CRIMES BY GOVERNMENT OFFICERS:

### APPLICABLE TO AUTHORIZING BODIES, CAPTAINS, CHIEFS, SUPERVISORS, EMPLOYERS, AGENTS, CLERKS, AND ADMINISTRATORS.

These Damages (charged per COUNT), in part, were determined by THE GOVERNMENT ITSELF for the violation listed:

| BREACH | PENALTY | AUTHORITY |
|---|---|---|
| VIOLATION OF OATH OF OFFICE | $250,000.00 | 18 USC § 3571 28 USC § 3002(15) |
| ARMED ABUSE OF OFFICE | $200,000.00 | |
| ARMED ABUSE OF AUTHORITY | $200,000.00 | |
| ARMED USE OF EMERGENCY LIGHTING IN A NON-EMERGENCY | $200,000.00 | |
| ARMED USE OF EMERGENCY SIREN IN A NON-EMERGENCY | $200,000.00 | |
| ARMED ASSAULT AND BATTERY | $200,000.00 | |
| ARMED THREAT OF VIOLENCE | $200,000.00 | |
| ARMED COERCION | $200,000.00 | |
| DENIED PROPER WARRANT(S) | $250,000.00 | 18 USC § 3571 |
| DENIED RIGHT OF REASONABLE DEFENSE ARGUMENTS | $250,000.00 | 18 USC § 3571 |
| DEFENSE EVIDENCE (RECORDS) | $250,000.00 | 18 USC § 3571 |
| DENIED RIGHT TO TRUTH IN EVIDENCE | $250,000.00 | 18 USC § 3571 |
| ARMED VIOLATION OF DUE PROCESS | $200,000.00 | |
| SLAVERY (Forced Compliance to contracts not held) | $250,000.00 | 18 USC § 3571 |
| DENIED PROVISIONS IN THE CONSTITUTION | $250,000.00 | 18 USC § 3571 |
| ARMED TREASON, WAR AGAINST AMERICANS | $250,000.00 | 18 USC § 3571 |
| GENOCIDE AGAINST HUMANITY | $1,000,000.00 | 18 USC § 1091 |
| APARTHEID | $1,000,000.00 | |
| ARMED DEPRIVATION OF RIGHTS UNDER COLOR OF LAW | $200,000.00 | 18 USC § 242 |
| EMOTIONAL DISTRESS | $200,000.00 | 32 CFR § 536.77(a)(3)(vii) |
| MENTAL ANGUISH ABUSE | $200,000.00 | 42 CFR § 488.301 |
| PEONAGE (Felony) | $200,000.00 | 18 USC § 1581 42 USC § 1994 |

| | | |
|---|---|---|
| UNLAWFUL INCARCERATION | $200,000.00 | |
| MALICIOUS PROSECUTION | $200,000.00 | |
| DEFAMATION OF CHARACTER | $200,000.00 | |
| SLANDER | $200,000.00 | |
| LIBEL | $200,000.00 | |
| ARMED TRESPASS | $200,000.00 | |
| NEGLECT/FAILURE TO PROTECT/ACT | $200,000.00 | 18 USC § 1621<br>42 USC § 1986 |
| ARMED GANG PRESSING | $200,000.00 | |
| ARMED LAND PIRACY/PLUNDER | $200,000.00 | |
| UNAUTHORIZED BOND PRODUCTION | $200,000.00 | |
| ARMED FORGERY | $200,000.00 | |
| ARMED EMBEZZLEMENT | $200,000.00 | |
| ARMED STALKING | $200,000.00 | |
| ARMED IMPERSONATING A PUBLIC OFFICIAL | $200,000.00 | |
| ACTING AS AGENTS OF FOREIGN PRINCIPLES | $200,000.00 | 18 USC § 219 |
| ARMED TORTURE | $200,000.00 | |
| ARMED OPERATING STATUTES WITHOUT BOND | $200,000.00 | |
| EXPLOITATION OF A LEGAL JUSTICE MINORITY GROUP BY BAR CLOSED UNION COURTS- CIVIL RIGHTS | $1,000,000.00 | |
| BAR VIOLATION OF ANTI-TRUST LAWS | $200,000.00 | |
| MISAPPROPRIATION OF TAXPAYER FUNDS | $200,000.00 | 18 USC § 641-664 |
| VIOLATIONS OF THE UNIVERSAL DECLARATION OF HUMAN RIGHTS ARMED BREACH OF TRUST | $200,000.00 | |
| ARMED DISTURBING THE PEACE | $200,000.00 | |
| ARMED KIDNAPPING | $200,000.00 | 18 USC § 1201 |
| ARMED MALFEASANCE/MALPRACTICE | $200,000.00 | 22 CFR § 13.3 |
| ARMED MISREPRESENTATION/PERSONAGE | $200,000.00 | |
| MISPRISON OF FELONY | $500.00 | 18 USC § 4 |
| ARMED CONSPIRACY AGAINST RIGHTS OF PEOPLE | $200,000.00 | 18 USC § 241 |
| ARMED CRIMINAL EXTORTION/ECONOMIC OPPRESSION | $200,000.00 | 18 USC § 141<br>18 USC § 872<br>25 CFR § 11.417 |

| | | |
|---|---|---|
| ARMED EXTORTION OF RIGHTS | $200,000.00 | Title 15 |
| ARMED ROBBERY | $200,000.00 | |
| ARMED THEFT BY FORCED REGISTRATION | $200,000.00 | |
| MAIL THREATS | $5,000.00 | 18 USC § 876 |
| MAIL FRAUD | $10,000.00 | 18 USC § 1341 |
| ARMED FRAUD | $10,000.00 | 18 USC § 1001 |
| ARMED VIOLATION OF LIEBER CODE AGAINST NON-COMBATANTS | $200,000.00 | |
| ARMED WRONGFUL ASSUMPTION OF STATUS/STANDING | $200,000.00 | |
| ARMED FALSIFICATION OF DOCUMENTS/RECORD | $10,000.00 | 18 USC § 1001 26 USC § 7701(a)(1) |
| ARMED FICTITIOUS OBLIGATIONS | $200,000.00 | 18 USC § 514 |
| ARMED PERJURY | $2,000.00 | 18 USC § 1621 |
| ARMED SUBORDINATION OF PERJURY | $2,000.00 | 18 USC § 1622 |
| ARMED RACKETEERING (Criminal, Felony) | $200,000.00 | 18 USC § 1961-1968 |
| ARMED RACKETEERING (Civil) | $200,000.00 | |
| Wages Taken | $triple sustained damages | 18 USC § 1964 (c) |

Debtors are responsible for any IRS obligations resulting from the discharge or cancellation of any debts, as well as earned income resulting from accepted settlements.

"Immunity" is invalid, as validity would violate U.S. Constitution Article 2 § IV; 18 USC § 241, 42 USC § 1983, 42 USC § 1985, and 42 USC § 1986, and state Constitutions. **The listed laws AUTHORIZE and/or MANDATE removal from public office!**

Violations of law are legally unassailable due to precedents (violations of law) established by court cases. Such situations violate numerous specifically stated intents and purposes of the Constitution, as set forth in the Preamble.

## APPLICABLE TO ANYONE IN ANY BRANCH OF GOVERNMENT

# EXHIBIT B

**APPENDIX TO DEFENDANTS'
MOTION TO DISMISS**

Affidavits of Sheriff Sara Brown and Deputy Tyler Perkins

(Attached)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DRAKE ALLEN GAFFORD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COUNTY OF UPTON, UPTON** | § | |
| **COUNTY SHERIFF'S OFFICE, DAN** | § | |
| **W. BROWN LAW ENFORCEMENT** | § | **7:25-CV-00416-DC-RCG** |
| **CENTER, CINDY BROWN, LAURIE** | § | |
| **K. ENGLISH, STEVEN DODD, TYLER** | § | |
| **PERKINS, JERRY ROBERTSON, K.T.** | § | |
| **PRUETT, GRAHAM SMITH, OFFICE** | § | |
| **OF THE ATTORNEY GENERAL, and** | § | |
| **JANE DOE,** | § | |
| *Defendants.* | | |

## AFFIDAVIT OF SHERIFF SARA BROWN

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF UPTON | § |

BEFORE ME, the undersigned authority, personally appeared **Sara Brown**, who being duly sworn, deposed and stated as follows:

1. "My name is **Sara Brown**. I am over 18 years of age, of sound mind, and competent to make this affidavit. At the time of the events that comprise the subject matter of this lawsuit, I was not the sheriff of Upton County, Texas. I was not appointed to the position of Sheriff until November 27, 2023. I am currently the Sheriff of Upton County, Texas. I make this affidavit based on my personal knowledge.

2. At all times, I acted in good faith, under lawful authority, and in the reasonable belief that my actions were lawful and appropriate. None of the deputies assisting in the execution of the traffic stop, detainment, arrest, medical evaluation, and confinement of Gafford acted in bad faith, instead, all acted in good faith, which deputies include Tyler Perkins, Jerry Robertson, K.T. Pruett, Graham Smith, and Jane Doe. Everyone involved in the events that comprise the subject matter of this lawsuit acted in good faith, under lawful authority, and in the reasonable belief that their actions were lawful and appropriate.

3. "Upton County does not have an unconstitutional policy with respect to traffic stops, detainments, arrests, bookings, medical clearances, confinements, and how they are executed. Upton County and the Upton County Sheriff's Office relies on and utilizes the Texas Code of Criminal Procedure and the Texas Penal Code to provide the policies and procedures for the above.

4. "Attached as **Exhibit C** to this motion are five bodycam and dashcam videos which were captured during the execution of the traffic stop, detainment, arrest, medical evaluation, and confinement of Gafford. In the course of my employment and by virtue of my duties and responsibilities, I have access to and am familiar with the manner in which bodycam and dashcam footage is created and maintained. It is the regular practice of the Upton County Sheriff's Office to make these kinds of records at or near the time of each act, event, condition, opinion, or diagnosis set forth in the record; and such records are made by, or from information transmitted by, persons with personal knowledge of the matters set forth. All such records are kept in the course of the regularly conducted activities of the Upton County Sheriff's Office. These records are original records or exact duplicates of the original records.

5. "Attached as **Exhibit A** is a true and correct copy of a Notice of Claim mailed to Upton County by Drake Gafford on or about May 23, 2023. In the course of my employment and by virtue of my duties and responsibilities, I have access to and am familiar with the manner in which such mailings are received, stored, and maintained. It is the regular practice of the Upton County Sheriff's Office to save these kinds of records at or near the time of receipt and each act, event, condition, opinion, or diagnosis set forth in the record; and such records are made by, or from information transmitted by, persons with personal knowledge of the matters set forth. All such records are kept in the course of the regularly conducted activities of the Upton County Sheriff's Office. These records are original records or exact duplicates of the original records."

**FURTHER AFFIANT SAYETH NOT.**

SARA BROWN

SUBSCRIBED AND SWORN TO BEFORE ME this __14__ day of __October__ 2025, by Sara Brown.

(Seal)

SALINA FRANCO
Notary Public, State of Texas
My Commission Expires
August 23, 2027
NOTARY ID 13214316-1

NOTARY PUBLIC, STATE OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DRAKE ALLEN GAFFORD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COUNTY OF UPTON, UPTON** | § | |
| **COUNTY SHERIFF'S OFFICE, DAN** | § | |
| **W. BROWN LAW ENFORCEMENT** | § | **7:25-CV-00416-DC-RCG** |
| **CENTER, CINDY BROWN, LAURIE** | § | |
| **K. ENGLISH, STEVEN DODD, TYLER** | § | |
| **PERKINS, JERRY ROBERTSON, K.T.** | § | |
| **PRUETT, GRAHAM SMITH, OFFICE** | § | |
| **OF THE ATTORNEY GENERAL, and** | § | |
| **JANE DOE,** | § | |
| *Defendants.* | | |

## AFFIDAVIT OF DEPUTY TYLER PERKINS

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF UPTON | § |

BEFORE ME, the undersigned authority, personally appeared **Tyler Perkins**, who being duly sworn, deposed and stated as follows:

1. "My name is **Tyler Perkins**. I am over 18 years of age, of sound mind, and competent to make this affidavit. At the time of the events that comprise the subject matter of this lawsuit, I was employed as a Deputy Sheriff with the Upton County, Texas, Sheriff's Office. I make this affidavit based on my personal knowledge.

2. "As can be seen on the videos attached as **Exhibit C**, on January 29, 2023, around 9:24 p.m., I observed Gafford's white Ford F250 pulling a flatbed trailer on Texas Highway 329 without illuminated taillights or a license plate light. Based on these observations, I pulled over Gafford.

3. "As Gafford was pulling over, he turned on his flatbed taillights and the F250 taillights. I tried to make initial contact with Gafford at the passenger window but walked over to the driver's window because the passenger window appeared to be nonfunctional. I explained why Gafford had been pulled over, and Gafford wanted to get out to take a look, despite the fact that he turned on his taillights only after the patrol car's red and blue lights turned on. I then asked if Gafford had a driver's license. Gafford responded that he did have a driver's license. I asked Gafford, "ok, can I get it from you?" Gafford responded, "no you can't". Transportation Code section 521.025 requires driver's license holders to display their license on demand if they are operating a vehicle, to a peace officer. When Gafford

refused to display his license at the lawful request of Deputy Perkins, he committed a misdemeanor in front of me.

4. "I then asked Gafford to exit the vehicle, who did so without incident, walking to the end of his flatbed trailer with me. Once we got to the back of the trailer, I told Gafford that he was going to be detained and placed into handcuffs until I could identify him. In addition to the wrongful refusal to produce his license, from my training and experience, I know that individuals with warrants will sometimes refuse to identify themselves. Based on this and Gafford's demeanor, I attempted to detain Gafford and place him in handcuffs. But Gafford sat down on the trailer and refused to place his hands behind his back, asking repeatedly if there was an emergency. Each time, I answered by stating that there was no emergency, but that Gafford needed to be detained until he identified himself. I attempted to gain control of Gafford's hands by taking Gafford's right wrist and asking him to stand up and place his hands behind his back. Gafford continued to refuse my commands. I attempted to stand Gafford up by pulling his right wrist towards me, at which point, Gafford violently jumped off the trailer, tackling me and pinning me to the ground. Gafford then started choking me. After several seconds, Gafford told me he would get off of me if I would "calm down." In an attempt to avoid having to pull out my firearm, I verbally acquiesced, and Gafford stood up and walked back towards the flatbed trailer. I regained my footing, removed my taser from its holster, and told Gafford to put his hands behind his back and to get on his knees. Gafford placed his hands behind his back but refused to get on the ground. I then had to locate my radio on the ground and call for backup, telling Gafford he was under arrest for assault.

5. "Deputy Jerry Robertson arrived on scene. As he was walking up, Robertson asked if Gafford had any weapons on his person and asked if he had anything behind his back, since his hands were hidden. I advised Robertson there were no weapons on Gafford's person. I told Robertson that Gafford needed to be detained and placed in handcuffs. Both me and Robertson told Gafford multiple times to get on his knees. Gafford refused. Robertson grabbed Gafford by his shirt and placed him on the ground. Gafford began resisting Robertson on the ground, and it appeared that Robertson was losing control of Gafford. I shot my taser into the right lower side of Gafford's back, but Gafford began to pull both prongs out of his lower back, so I deployed the taser a second time into Gafford's lower left buttock. Robertson gained control of Gafford's hands and placed handcuffs on him. An ambulance was called.

6. "Sergeant K.T. Pruett arrived on scene, followed by Rankin County EMS, who removed the taser prongs from Gafford. Gafford refused to accept medical attention from EMS personnel. I collected Gafford's driver's license from EMS personnel. I then transported Gafford to the Upton County Sheriff's Office. Deputy Robertson remained on scene to wait for the tow truck to arrive.

7. "At the Upton County Sheriff's Office, Investigator Graham Smith arrived while Gafford was being booked by the jailer. While Gafford was being booked, Sgt. Pruett stated that Gafford needed to be transported to the Rankin County Hospital to have him medically cleared. Investigator Smith and I transported Gafford to the Rankin County Hospital. Investigator Smith and I walked Gafford inside of the Rankin County Hospital. Gafford

refused any medical treatment from Doctor. Gafford was medically cleared, and Deputy Perkins collected the discharge papers and transported Gafford back to the Upton County Sheriff's Office. Deputy Perkins remained in the booking area of the Jail while Gafford was booked. Towards the end of the booking process Gafford refused to provide his fingerprints. Gafford was placed into a holding cell without incident.

8. "During the entirety of my execution of the traffic stop, detainment, arrest, medical evaluation, and confinement of Gafford, I was wearing my department-issued body-worn camera (bodycam), which was fully operational and properly affixed to my uniform in accordance with the policies and procedures of the Upton County Sheriff's Office. Attached as **Exhibit C** to this motion are three videos from by bodycam which were captured contemporaneously during the execution of the traffic stop, detainment, arrest, medical evaluation, and confinement of Gafford as the events occurred. The bodycam automatically began recording upon activation and recorded the events in real-time, with accurate date and time stamps generated by the device's internal system. The recordings have not been altered, edited, or otherwise modified in any way. The digital files were securely downloaded and stored in the department's digital evidence management system, which restricts access and maintains a verifiable chain of custody in accordance with departmental and evidentiary protocols. I have reviewed **Exhibit C**, and I recognize the bodycam videos as accurate depictions of the events I witnessed and participated in on January 29, 2023. The recordings fairly and accurately represent what I saw, heard, and experienced during the incident. These recordings were made in the regular course of my duties and it was the regular practice of the Upton County Sheriff's Office to make and preserve such recordings at or near the time of the events recorded.

9. "At all times, I acted in good faith, under lawful authority, and in the reasonable belief that my actions were lawful and appropriate as a law enforcement officer."

**FURTHER AFFIANT SAYETH NOT.**

_____
TYLER PERKINS

SUBSCRIBED AND SWORN TO BEFORE ME this 15ᵗʰ day of October 2025 by Tyler Perkins.

(Seal)

_____
NOTARY PUBLIC, STATE OF TEXAS

GLORIA IRENE JORDAN
Notary Public, State of Texas
My Commission Expires
April 01, 2026
NOTARY ID 132423279

Exhibit B—Affidavit of Tyler Perkins

# EXHIBIT C

## APPENDIX TO DEFENDANTS'
## MOTION TO DISMISS

Video Footage

| | | |
|---|---|---|
| 1 | Tyler Perkins_20230129_09_24_514 BODY CAM_Arrest_19602274 | Bodycam Video<br>January 29, 2023<br>Traffic Stop, Assault, & Arrest |
| 2 | Tyler Perkins_20230129_10_11_514 BODY CAM_Arrest_19602276 | Bodycam Video<br>January 29, 2023<br>Arrest & Hospital Check |
| 3 | Deputy Tyler Perkins_20230129_09_23_Patrol Setup_Felony Arrest_418177983 | Dashcam Video<br>January 29, 2023<br>Traffic Stop, Assault, & Arrest |
| 4 | JERRY ROBERTSON_20230129_09_27_511BodyCam_Felony Arrest_11064563 | Bodycam Video<br>January 29, 2023<br>Traffic Stop, Assault, & Arrest |
| 5 | KT Pruett_20230129_09_33_KT-BC_Felony Arrest_7544030 | Bodycam Video<br>January 29, 2023<br>Traffic Stop, Assault, & Arrest |

(Attached on USB Flash Drive)