IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DRAKE ALLEN GAFFORD,<br>　　*Plaintiff,*<br><br>v.<br><br>COUNTY OF UPTON, UPTON COUNTY SHERIFF'S OFFICE, DAN W. BROWN LAW ENFORCEMENT CENTER, CINDY BROWN, LAURIE K. ENGLISH, STEVEN DODD, TYLER PERKINS, JERRY ROBERTSON, K.T. PRUETT, GRAHAM SMITH, OFFICE OF THE ATTORNEY GENERAL, and JANE DOE,<br>　　*Defendants.* § § § § § § § § § § § § § § § § § | 7:25-CV-00416-DC-RCG |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

On January 29, 2023, Plaintiff was arrested after he <u>violently assaulted</u> Deputy Sheriff Tyler Perkins during a routine traffic stop, seized his neck, and <u>choked him</u>. Now, over two years later, Plaintiff brazenly seeks millions of dollars to compensate alleged injuries he himself proximately caused. Plaintiff's suit is the very definition of a baseless, frivolous claim. Accordingly, County of Upton, Upton County Sheriff's Office, Dan W. Brown Law Enforcement Center, Cindy Brown, Tyler Perkins, Jerry Robertson, K.T. Pruett, Graham Smith, and Jane Doe ("Defendants"), defendants in the above-styled and numbered cause, file this Answer subject to the previously filed and pending Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I.
DEFENDANTS' ORIGINAL ANSWER**

1. Subject to the previously filed motion to dismiss, defendants County of Upton, Upton

County Sheriff's Office, Dan W. Brown Law Enforcement Center, Cindy Brown, Tyler Perkins, Jerry Robertson, K.T. Pruett, Graham Smith, and Jane Doe ("Defendants"); file this original answer to the Complaint filed by Plaintiff Drake Allen Gafford and/or Drake-Allen; Gafford and/or DRAKE ALLEN GAFFORD and/or Drake-Allen Gafford and/or Drake-Allen gaffford and/or Drake-Allen; gafford, and any other iteration of Plaintiff's name, as the case may be.

**A. Admissions & Denials**

*Response to Document Number 1*

2.  To the extent such a denial is necessary, Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 1.A.

3.  To the extent such a denial is necessary, Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 1.B.

4.  Defendants deny paragraph II.A. of the Complaint, Doc. 1.

5.  Defendants deny paragraph II.B.1. of the Complaint, Doc. 1.

6.  Defendants deny paragraph II.B.2. of the Complaint, Doc. 1.

7.  Defendants deny paragraph II.B.3. of the Complaint, Doc. 1.

8.  Defendants deny paragraph III of the Complaint, Doc. 1.

9.  Defendants deny paragraph IV of the Complaint, Doc. 1.

10. Defendants deny paragraph V of the Complaint, Doc. 1.

*Response to Document Number 1-2*

11. To the extent such a denial is necessary, Defendants lack sufficient knowledge or information to form a belief about the truth of page 1, Doc. 1-2. Defendants deny Plaintiff has the right to amend without this Court's approval, page 1, Doc. 1-2.

12. To the extent such a denial is necessary, Defendants lack sufficient knowledge or

information to form a belief about the truth of page 2, Doc. 1-2.

13. To the extent such a denial is necessary, Defendants lack sufficient knowledge or information to form a belief about the truth of page 3, Doc. 1-2. Defendants deny the assertion that this Court has diversity jurisdiction, page 3, Doc. 1-2.

14. Defendants deny the allegations in the bullet list on page 3, Doc. 1-2.

15. Defendants deny the allegations in the bullet list on page 4, Doc. 1-2.

16. Defendants deny the allegations in paragraph III on page 4, Doc. 1-2.

17. Defendants deny the allegations in paragraph IV on page 4, Doc. 1-2.

18. Defendants deny the allegations in paragraph V on page 4, Doc. 1-2.

19. Defendants deny page 5, Doc. 1-2. Defendants deny the application of the Uniform Commercial Code to any portion of this suit. Doc. 1-2.

**B. Affirmative Defenses**

20. Subject to the foregoing admissions and denials and without waiving the same, Defendants generally deny the allegations of the Plaintiff's Complaint, [docket numbers 1 and 1-2], and would show that Court that the following affirmative defenses apply:

21. Defendants affirmatively plead that Plaintiff's damages, if any, were caused as a result of his own actions or inactions.

22. Defendants are not liable to Plaintiff because Plaintiff's injury, if any, was de minimis and does not rise to the level of a constitutional violation.

23. Defendants are not liable because Plaintiff does not have a significant injury that results directly from the use of force that is clearly excessive to the need, and which is clearly and objectively unreasonable and resulting from the unnecessary and wanton infliction of pain.

24. Defendants are not liable because their conduct did not directly cause a constitutional

violation, nor were they deliberately indifferent to a violation of a constitutional right.

25. Defendants deny that any conduct attributable to them violated a constitutional right, but instead would show that all such actions were objectively reasonable and taken in good faith.

26. Defendants assert the defense of immunity, both absolute and qualified, for all allegations alleged.

27. Defendants affirmatively plead there are no allegations of personal involvement by Jerry Robertson, K.T. Pruett, Graham Smith, and Jane Doe who have been sued as an individual in Plaintiff's Complaint. The Plaintiff has failed to state a claim against these Defendants.

28. Defendants seek recovery of attorney fees and costs as provided by law.

29. Defendants affirmatively plead Upton County is not liable to Plaintiff because there was no constitutional violation, and a policy or custom of Upton County did not violate Plaintiff's constitutional rights. Further, Upton County cannot be held liable on a respondeat superior theory.

30. The Plaintiff has failed to establish that he suffered any injuries as a result of the allegations in his Complaint [docket numbers 1 and 1-2].

## II.
## CONCLUSION AND PRAYER

31. WHEREFORE, PREMISES CONSIDERED, Defendants County of Upton, Upton County Sheriff's Office, Dan W. Brown Law Enforcement Center, Cindy Brown, Tyler Perkins, Jerry Robertson, K.T. Pruett, Graham Smith, and Jane Doe pray that Plaintiff take nothing, that the Court dismiss the Plaintiff's suit with prejudice, assess costs against the Plaintiff, and award the defendants all other relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Benjamin Petty*
DENIS DENNIS
State Bar No. 05655566
ddennis@kmdfirm.com

BENJAMIN PETTY
State Bar No. 24105934
bpetty@kmdfirm.com

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760-1311
(432) 367-7271 / FAX: (432) 363-9121

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system. The following parties will be notified of this filing, by the method indicated:

**VIA CERTIFIED MAIL**
Drake Allen Gafford
1350 FM 538
Stockdale, Texas 78160
*Plaintiff, Pro Se*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Benjamin Petty*
　　　　　　　　　　　　　　　　　　　　　　　BENJAMIN PETTY