**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **DRAKE ALLEN GAFFORD,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:25-CV-00416-DC-RCG** |
| | § | |
| **COUNTY OF UPTON; UPTON** | § | |
| **COUNTY SHERIFF'S OFFICE; DAN** | § | |
| **W. BROWN LAW ENFORCEMENT** | § | |
| **CENTER; CINDY BROWN; LAURIE** | § | |
| **K. ENGLISH; STEVEN DODD;** | § | |
| **TYLER PERKINS; JERRY** | § | |
| **ROBERTSON; K.T. PRUETT;** | § | |
| **GRAHAM SMITH; OFFICE OF THE** | § | |
| **ATTORNEY GENERAL; and JANE** | § | |
| **DOE;** | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant Steven Dodd's Motion to Dismiss. (Doc. 9).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** Defendant Steven Dodd's Motion to Dismiss be **GRANTED**. (Doc. 9).

### I.   BACKGROUND

On September 9, 2025, Plaintiff Drake Allen Gafford ("Plaintiff") filed his Complaint against Defendants County of Upton; Upton County Sheriff's Office; Dan W. Brown Law Enforcement Center; Cindy Brown; Laurie English; Steven Dodd ("Defendant Dodd"); Tyler Perkins; Jerry Robertson; K.T. Pruett; Graham Smith; Office of the Attorney General; and Jane

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

Doe (collectively, "Defendants"). (Docs. 1; 1-2).[2] Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendment rights. *Id.* Plaintiff also references various federal criminal statutes and seeks compensatory and punitive damages, declaratory relief, and injunctive relief. *Id.*

This case arises from Plaintiff's arrest and detention on January 29, 2023, in Upton County, Texas. (Doc. 1-2 at 4). Plaintiff alleges that deputies of the Upton County Sheriff's Office, including Defendant Deputy Tyler Perkins ("Defendant Perkins"), initiated a traffic stop and made physical contact with him during the encounter. (Docs. 1 at 4; 1-2 at 4). According to Plaintiff, Defendant Perkins grabbed and pulled Plaintiff's arm and, together with another unidentified deputy, deployed a taser multiple times while Plaintiff was handcuffed. *Id.* More specifically, Plaintiff claims he was subjected to excessive force, physical assault, repeated electrocution, and torture all while handcuffed and posing no threat. *Id.* Plaintiff further alleges Defendant Perkins subsequently arrested him without lawful justification and falsely accused him of resisting. *Id.* Plaintiff contends that, following his arrest, he was confined at the Dan. W. Brown Law Enforcement Center and denied access to legal counsel for approximately thirty-eight to forty hours. *Id.* Plaintiff asserts Defendant Cindy Brown was involved in his confinement during this period. *Id.*

Plaintiff alleges that the Defendants' conduct violated his Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendment rights, as well as his statutory rights, and failed to comply with applicable law enforcement policies and procedures. *Id.* Plaintiff alleges that as a result of these

---

2. Plaintiff filed this action using a standardized form complaint, which instructs litigants to "attach additional pages if needed." (Doc. 1 at 1). Consistent with that instruction, Plaintiff submitted a supplemental statement of claim contemporaneously with the form complaint. (Doc. 1-2). Accordingly, for the purposes of this action, the Court considers the form complaint and the attached supplemental statement together as a single, operative pleading. *See Moreland v. McCoy*, No. 18-CV-269, 2020 WL 13801471, at *3 (S.D. Tex. Jan. 2, 2020).

events, he suffered physical injuries, including injuries to his shoulder, knee, and back, as well as ongoing emotional distress, financial harm, and other lasting effects. *Id.*

On November 13, 2025, Defendant Dodd filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. (Doc. 9). Plaintiff filed his Response in opposition to Defendant Dodd's Motion on December 6, 2025. (Doc. 20). Accordingly, this matter is ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### III.   DISCUSSION

As a preliminary matter, the Court will discuss whether it can consider the videos offered by Defendant Dodd at this stage of the litigation. The Court will then turn to the merits of Defendant Dodd's Motion to Dismiss.

### A. Video Exhibits

Defendant Dodd provides five videos as attachments to his Motion to Dismiss. (Doc. 9 at 9). Collectively, these videos include body-worn and dash camera footage of the arrest giving rise to Plaintiff's claims. *Id.* Defendant Dodd states these videos are incorporated by reference in his Motion to Dismiss and appears to suggest they can therefore be considered at the motion to dismiss stage. *Id.*

The general rule is that courts should consider a motion to dismiss based on the four-corners of the plaintiff's pleadings, not the evidence a defendant may seek to introduce in

4

response. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) ("A district court is limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6)."); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) ("We may not look beyond the pleadings."). However, the Court may consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . *if they are referred to in the plaintiff's complaint* and are central to [his] claim." *Villarreal*, 814 F.3d at 766 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (emphasis added)). Indeed, this Court has held that "a court may consider video evidence attached as an exhibit to the complaint." *Scott v. White*, No. 16-CV-1287, 2018 WL 2014093 at *1 (W.D. Tex. Apr. 30, 2018) (citing *Hartman v. Walker*, 685 F. App'x 366, 368 (5th Cir. 2017)).

That scenario does not exist here. In this case, Defendant Dodd's video exhibits are not attached to Plaintiff's Complaint nor are they referenced therein. In such cases, district courts in this Circuit have declined to consider videos of police conduct at the motion to dismiss stage. For example, the Eastern District of Texas declined to consider evidence such as a 911 call and body camera footage at the motion to dismiss stage because the references to the videos were insufficient. *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 325 (E.D. Tex. 2021). Likewise, this Court has declined to consider body camera footage, noting that it "clearly exceeds the purview of judicial notice." *Ambler v. Williamson Cnty.*, No. 20-CV-1068, 2021 WL 769667, at *5 (W.D. Tex. Feb. 25, 2021). And importantly, *Ambler* noted that the mere fact that the video captured events at issue in the complaint does not render it "referenced" as a matter of evidence. *Id.* at *3.

Courts outside the Fifth Circuit have likewise declined to consider videos of police conduct at the motion to dismiss stage. *See Turner v. Byer*, No. 17-CV-1869, 2020 WL 5518401, at *1 (E.D. Cal. Sept. 14, 2020) ("As plaintiff points out, the video is not part of the complaint and thus is extrinsic material not properly considered in determining whether the allegations of the complaint are sufficient to state a claim for relief."), *R. & R. adopted*, 2020 WL 6582267 (E.D. Cal. Nov. 10, 2020); *Smith v. City of Greensboro*, No. 19-CV-386, 2020 WL 1452114, at *3 (M.D.N.C. Mar. 25, 2020) (finding that a police camera video attached to defendant's motion to dismiss was not central to plaintiff's complaint where complaint made "no express mention of the video"). As one district court noted, "[s]imply because a video that captured the events complained of in the complaint exists does not transform that video into a 'document' upon which the complaint is based." *Slippi-Mensah v. Mills*, No. 15-CV-07750, 2016 WL 4820617, at *3 (D.N.J. Sept. 14, 2016).

Lastly, because Plaintiff has not had the opportunity to conduct discovery, argues the videos are misleading and "have been edited" (Doc. 8 at 3), and is proceeding *pro se*, the Court finds that converting the Motion to a summary judgment motion is inappropriate at this time. *See Jingping Xu v. Univ. of Texas MD Anderson Cancer Ctr.*, No. CV H-10-3711, 2012 WL 13171629, at *3 (S.D. Tex. Oct. 1, 2012). Accordingly, the Court declines to consider Defendant Dodd's video exhibits at this stage of the litigation.

## B. Defendant's Motion to Dismiss

Having found that Defendant Dodd's video exhibits will not be considered, the Court turns to the substance of Defendant Dodd's Motion to Dismiss. Defendant Dodd moves to dismiss Plaintiff's claims on multiple grounds, arguing the claims: (1) are barred by the statute of limitations; (2) fail to state a claim for relief under § 1983; (3) are precluded by qualified

immunity; and (4) are precluded by absolute immunity. (Doc. 9). The Court addresses each argument in turn.

### 1. Statute of Limitations

Defendant Dodd first argues Plaintiff's claims should be dismissed because they are barred by the statute of limitations. (Doc. 9 at 2). Limitations may permit dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). Stated differently, dismissal is proper if the complaint affirmatively shows the plaintiff's claims are time barred and there is no basis for tolling. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011). The forum state's general statute of limitations for personal injuries provides the applicable limitations period for § 1983 cases. *Matter of Hoffman*, 955 F.3d 440, 443 (5th Cir. 2020) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)). Accordingly, the statute of limitations for § 1983 claims in Texas is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE § 16.003. While state law controls the limitations period, federal law determines the issue of accrual. *Matter of Hoffman*, 955 F.3d at 444. Under federal law, "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Shelby v. City of El Paso*, 577 F. App'x 327, 331–32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the

plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Defendant Dodd contends Plaintiff's claims are barred because the acts giving rise to his claims occurred on January 29, 2023, and Plaintiff did not file his Complaint until September 9, 2025—more than two years later. (Doc. 9 at 3–4). Indeed, Plaintiff himself alleges that "[o]n January 29, 2023, Plaintiff was unlawfully stopped, assaulted, arrested and confined by deputies of the Upton County Sheriff's Office." (Doc. 1-2 at 4).

In this case, although Plaintiff's pleadings are not entirely clear, he appears to assert two general categories of claims: federal claims under 42 U.S.C. § 1983 and state-law tort claims. (*See, e.g.*, Doc. 1 at 3, 5) (citing 42 U.S.C. § 1983 and alleging a "deprivation of Constitutional rights under color of law"); (Doc. 1-2 at 3–4) (alleging various personal injuries and emotional distress). Both sets of claims arise from the same alleged events, which Plaintiff states occurred on January 29, 2023. (Doc. 1-2 at 4). Plaintiff, however, did not file this action until September 9, 2025—two years, seven months, one week, and four days after his alleged injuries. (Doc. 1). The Court notes that "a lack of familiarity with the legal process or lack of legal assistance during the limitations period does not merit equitable tolling." *Bedburdick v. Davis*, No. 18-CA-329, 2018 WL 11489062, at *2 (W.D. Tex. Dec. 14, 2018) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)). Because Plaintiff filed his Complaint more than two years after the alleged injuries occurred, his claims are untimely.

As a final note, Plaintiff offers no meaningful response to Defendants Dodd's statute of limitations argument and instead merely restates the alleged constitutional and statutory violations asserted in his Complaint. (Doc. 20 at 4–9). Accordingly, Plaintiff has not preserved any opposition to dismissal on that basis. *Douglas v. Dorchester Props Ltd.*, No. 22-CV-100,

8

2023 WL 5156337, at *4 (N.D. Tex. May 17, 2023) ("At the motion to dismiss stage, plaintiffs must defend their claims against the movant's arguments in order to preserve those claims. Courts are strict about this requirement, even when the plaintiff is *pro se*.") (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

Accordingly, the Court **RECOMMENDS** Defendant Dodd's Motion to Dismiss be **GRANTED** (Doc. 9), and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

### 2. Failure to State a Claim, Qualified Immunity, and Absolute Immunity

Despite recommending dismissal of Plaintiff's Complaint based on the statute of limitations issue, in the interest of thoroughness, the Court will consider whether Plaintiff has stated a claim upon which relief can be granted and whether Defendant Dodd is entitled to absolute or qualified immunity.

#### a. Failure to State a Claim

Plaintiff brings this action pursuant to § 1983 alleging violations of his rights under the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. (Doc. 1 at 3). "To state a 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United Sates and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). The plaintiff must allege specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Here, Plaintiff invokes multiple constitutional provisions, and the Court must determine whether the factual allegations plausibly support a claim under each. *See Buchanek v. City of Victoria*, No. CIV.A. V-08-08, 2008 WL 4093623, at *4 (S.D. Tex. Aug. 28, 2008).

Here, Plaintiff makes no factual allegations whatsoever against Defendant Dodd. Plaintiff does not identify any conduct undertaken by Defendant Dodd, does not describe Defendant Dodd's involvement in the events giving rise to this action, and does not allege Defendant Dodd personally participated in any constitutional violation. (Docs. 1; 1-2). Because § 1983 liability requires personal involvement in the alleged constitutional violation, the absence of any factual allegations against Defendant Dodd is fatal to Plaintiff's claims against him. *See B.B. v. Hancock*, No. 18-CV-1332, 2021 WL 3174385, at *10 (W.D. Tex. July 27, 2021). Plaintiff's generalized invocation of various federal criminal statutes is likewise insufficient to state a claim against Defendant Dodd. Private citizens lack standing to enforce federal criminal statutes, and such statutes do not create a private right of action. *See Escobedo v. Reynolds*, No. 24-CV-00773, 2025 WL 1699841, at *7 (W.D. Tex. June 5, 2025) (citations omitted).

Because Plaintiff fails to allege any facts connecting Defendant Dodd to a constitutional violation, Plaintiff fails to state a claim upon which relief may be granted against him. Accordingly, in the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendant Dodd's Motion to Dismiss for failure to state a claim be **GRANTED**. (Doc. 9).

### b.  Qualified Immunity

Defendant Dodd also asserts he is entitled to qualified immunity in his individual capacity. (Doc. 9 at 7). Qualified immunity is an affirmative defense that "shields government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or

constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017). "Because qualified immunity protects officers who 'reasonably but mistakenly' violate a plaintiff's constitutional rights, the deputies are entitled to qualified immunity if a reasonable person in their position 'would have believed that [their] conduct conformed to the constitutional standard in light of the information available to [them] and the clearly established law.'" *Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007) (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)).

Here, as described above, Plaintiff has failed to plausibly allege a constitutional violation, and therefore a § 1983 claim, against Defendant Dodd in his individual capacity. Where a plaintiff fails to allege facts establishing a constitutional violation, the qualified immunity inquiry ends at the first step. *See Lytle v. Bexar County*, 560 F.3d 404, 410 (5th Cir 2009) ("If we determine that the alleged conduct did not violate a constitutional right, our inquiry ceases because there is no constitutional violation for which the government official would need qualified immunity."); *see also Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009) (explaining that, because the plaintiff failed to set forth a § 1983 claim, it was unnecessary to analyze the defendant's qualified immunity defense, as "[q]ualified immunity is only applicable as a protective shield once a plaintiff has made out a claim against an official acting in his individual capacity"). Thus, because Plaintiff has not plausibly alleged the deprivation of a constitutional right as to Defendant Dodd, he is entitled to qualified immunity in his individual capacity, and the qualified immunity inquiry does not proceed beyond the first prong as to those claims.

11

Accordingly, in the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendant Dodd's Motion to Dismiss as to qualified immunity be **GRANTED**. (Doc. 9).

### c. Absolute Immunity

Finally, Defendant Dodd argues that to the extent any of Plaintiff's claims against him involve his duties in prosecuting a criminal case, preparing for the initiation of judicial proceedings or for trial, or which occurred in the course of his role as an advocate for the State, Defendant Dodd is entitled to the protection of absolute prosecutorial immunity. (Doc. 9 at 7). Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in prosecuting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016). "A prosecutor remains entitled to absolute immunity even if he or she acted 'maliciously, wantonly, or negligently.'" *Kershaw v. Brown*, No. 25-CV-01357, 2025 WL 2982067, at *3 (W.D. Tex. Sept. 24, 2025), *R. & R. adopted*, 2025 WL 2982610 (W.D. Tex. Oct. 21, 2025) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 739 (5th Cir. 2019)); *see also Jenkins v. Campos*, No. 15-CV-1246, 2025 WL 2694400, at *3 (W.D. Tex. Sept. 16, 2025), *R. & R. adopted*, 2025 WL 2940725 (W.D. Tex. Oct. 15, 2025) (citing *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991)).

As discussed above, Plaintiff alleges no facts whatsoever against Defendant Dodd. The Complaint does not identify any conduct undertaken by Defendant Dodd, describe his involvement in the events giving rise to this cause of action, or allege he personally participated in any constitutional violation, whether in his induvial capacity or in his role as a prosecutor. Moreover, even if Plaintiff had alleged wrongful conduct by Defendant Dodd in his role as a prosecutor or for actions taken within the scope of his prosecutorial jurisdiction, such conduct is

protected by absolute prosecutorial immunity. *See Reynolds v. Orleans Crim. Dist. Ct.*, No. CV 22-101, 2022 WL 17824487, at *3 (E.D. La. Oct. 21, 2022), *R. & R. adopted*, 2022 WL 17819607 (E.D. La. Dec. 20, 2022). And to the extent Defendant Dodd is sued in his official capacity, the official-capacity claims likewise fail as "[a] county district attorney's office is not a legal entity capable of suing or being sued. *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (citations omitted).

Accordingly, in the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendant Dodd's Motion to Dismiss based on absolute immunity be **GRANTED**. (Doc. 9).

## IV.    RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendant Dodd's Motion to Dismiss be **GRANTED**. (Doc. 9).

First, the Court **RECOMMENDS** Plaintiff's § 1983 claims and state law claims be **DISMISSED WITH PREJUDICE**, as they are time-barred.

In the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendant Dodd's Motion to Dismiss be **GRANTED** as to Plaintiff's claims under the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments; Plaintiff's claims based on federal criminal statutes; and Plaintiff's official capacity claims. (Doc. 9). Because the Court recommends that Defendant Dodd be entitled to qualified and absolute immunity, the claims against him should be **DISMISSED WITH PREJUDICE**.

Finally, the Clerk is **DIRECTED** to mail Plaintiff a copy of this Report and Recommendation by certified mail, return receipt requested.

13

SIGNED this 5th day of March, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).