**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **DRAKE ALLEN GAFFORD,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:25-CV-00416-DC-RCG** |
| | § | |
| **COUNTY OF UPTON; UPTON** | § | |
| **COUNTY SHERIFF'S OFFICE; DAN** | § | |
| **W. BROWN LAW ENFORCEMENT** | § | |
| **CENTER; CINDY BROWN; LAURIE** | § | |
| **K. ENGLISH; STEVEN DODD;** | § | |
| **TYLER PERKINS; JERRY** | § | |
| **ROBERTSON; K.T. PRUETT;** | § | |
| **GRAHAM SMITH; OFFICE OF THE** | § | |
| **ATTORNEY GENERAL; and JANE** | § | |
| **DOE;** | § | |
| *Defendants*. | § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is Defendants County of Upton; Upton County Sheriff's Office;

Dan W. Brown Law Enforcement Center; Cindy Brown; Tyler Perkins; Jerry Robertson; K.T.

Pruett; Graham Smith; and Jane Doe's ("Defendants") Motion to Dismiss. (Doc. 5).[1] This case is

before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the

Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due

consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** Defendants'

Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 5).

<h2 style="text-align:center">I.    BACKGROUND</h2>

On September 9, 2025, Plaintiff Drake Allen Gafford ("Plaintiff") filed his Complaint

against Defendants County of Upton; Upton County Sheriff's Office; Dan W. Brown Law

Enforcement Center; Cindy Brown; Laurie English; Steven Dodd; Tyler Perkins; Jerry

Robertson; K.T. Pruett; Graham Smith; Office of the Attorney General; and Jane Doe. (Docs. 1;

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

1-2).[2] Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendment rights. *Id.* Plaintiff also references various federal criminal statutes and state law claims and seeks compensatory and punitive damages, declaratory relief, and injunctive relief. *Id.*

This case arises from Plaintiff's arrest and detention on January 29, 2023, in Upton County, Texas. (Doc. 1-2 at 4). Plaintiff alleges that deputies of the Upton County Sheriff's Office, including Defendant Deputy Tyler Perkins ("Defendant Perkins"), initiated a traffic stop and made physical contact with him during the encounter. (Docs. 1 at 4; 1-2 at 4). According to Plaintiff, Defendant Perkins grabbed and pulled Plaintiff's arm and, together with another unidentified deputy, deployed a taser multiple times while Plaintiff was handcuffed. *Id.* More specifically, Plaintiff claims he was subjected to excessive force, physical assault, repeated electrocution, and torture all while handcuffed and posing no threat. *Id.* Plaintiff further alleges Defendant Perkins subsequently arrested him without lawful justification and falsely accused him of resisting. *Id.* Plaintiff contends that, following his arrest, he was confined at the Dan. W. Brown Law Enforcement Center and denied access to legal counsel for approximately thirty-eight to forty hours. *Id.* Plaintiff asserts Defendant Cindy Brown was involved in his confinement during this period. *Id.*

Plaintiff alleges that Defendants' conduct violated his Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendment rights, as well as his statutory rights, and failed to comply with applicable law enforcement policies and procedures. *Id.* Plaintiff alleges that as a result of these

---

2. Plaintiff filed this action using a standardized form complaint, which instructs litigants to "attach additional pages if needed." (Doc. 1 at 1). Consistent with that instruction, Plaintiff submitted a supplemental statement of claim contemporaneously with the form complaint. (Doc. 1-2). Accordingly, for the purposes of this action, the Court considers the form complaint and the attached supplemental statement together as a single, operative pleading. *See Moreland v. McCoy*, No. 18-CV-269, 2020 WL 13801471, at *3 (S.D. Tex. Jan. 2, 2020).

events, he suffered physical injuries, including injuries to his shoulder, knee, and back, as well as ongoing emotional distress, financial harm, and other lasting effects. *Id.*

On October 15, 2025, Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. (Doc. 5). Plaintiff filed his Response in opposition to Defendants' Motion on October 31, 2025. (Doc. 8). Accordingly, this matter is ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### III.    DISCUSSION

As a preliminary matter, the Court will discuss whether it can consider the videos offered by Defendants at this stage of the litigation. The Court will then turn to the merits of Defendants' Motion to Dismiss.

#### A.  Video Exhibits

Defendants provide five videos as attachments to their Motion to Dismiss. (Doc. 5-1 at 25). Collectively, these videos include body-worn and dash camera footage of the arrest giving rise to Plaintiff's claims. *Id.* Defendants state these videos are incorporated by reference in their Motion to Dismiss and appear to suggest they can therefore be considered at the motion to dismiss stage. (Doc. 5 at 12).

The general rule is that courts should consider a motion to dismiss based on the four-corners of the plaintiff's pleadings, not the evidence defendants may seek to introduce in

response. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) ("A district court is limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6)."); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) ("We may not look beyond the pleadings."). However, the Court may consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . *if they are referred to in the plaintiff's complaint* and are central to [his] claim." *Villarreal*, 814 F.3d at 766 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (emphasis added)). Indeed, this Court has held that "a court may consider video evidence attached as an exhibit to the complaint." *Scott v. White*, No. 16-CV-1287, 2018 WL 2014093 at *1 (W.D. Tex. Apr. 30, 2018) (citing *Hartman v. Walker*, 685 F. App'x 366, 368 (5th Cir. 2017)).

That scenario does not exist here. In this case, Defendants' video exhibits are not attached to Plaintiff's Complaint nor are they referenced therein. In such cases, district courts in this Circuit have declined to consider videos of police conduct at the motion to dismiss stage. For example, the Eastern District of Texas declined to consider evidence such as a 911 call and body camera footage at the motion to dismiss stage because the references to the videos were insufficient. *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 325 (E.D. Tex. 2021). Likewise, this Court has declined to consider body camera footage, noting that it "clearly exceeds the purview of judicial notice." *Ambler v. Williamson Cnty.*, No. 20-CV-1068, 2021 WL 769667, at *5 (W.D. Tex. Feb. 25, 2021). And importantly, *Ambler* noted that the mere fact that the video captured events at issue in the complaint does not render it "referenced" as a matter of evidence. *Id.* at *3.

Courts outside the Fifth Circuit have likewise declined to consider videos of police conduct at the motion to dismiss stage. *See Turner v. Byer*, No. 17-CV-1869, 2020 WL 5518401, at *1 (E.D. Cal. Sept. 14, 2020) ("As plaintiff points out, the video is not part of the complaint and thus is extrinsic material not properly considered in determining whether the allegations of the complaint are sufficient to state a claim for relief."), *R. & R. adopted*, 2020 WL 6582267 (E.D. Cal. Nov. 10, 2020); *Smith v. City of Greensboro*, No. 19-CV-386, 2020 WL 1452114, at *3 (M.D.N.C. Mar. 25, 2020) (finding that a police camera video attached to defendant's motion to dismiss was not central to plaintiff's complaint where complaint made "no express mention of the video"). As one district court noted, "[s]imply because a video that captured the events complained of in the complaint exists does not transform that video into a 'document' upon which the complaint is based." *Slippi-Mensah v. Mills*, No. 15-CV-07750, 2016 WL 4820617, at *3 (D.N.J. Sept. 14, 2016).

Lastly, because Plaintiff has not had the opportunity to conduct discovery, argues the videos are misleading and "have been edited" (Doc. 8 at 3), and is proceeding *pro se*, the Court finds that converting the Motion to a summary judgment motion is inappropriate at this time. *See Jingping Xu v. Univ. of Texas MD Anderson Cancer Ctr.*, No. CV 10-3711, 2012 WL 13171629, at *3 (S.D. Tex. Oct. 1, 2012). Accordingly, the Court declines to consider Defendants' video exhibits at this stage of the litigation.

## B. Defendants' Motion to Dismiss

Having found that Defendants' video exhibits will not be considered, the Court turns to the substance of Defendants' Motion to Dismiss. Defendants move to dismiss Plaintiff's claims on multiple grounds, arguing the claims: (1) are barred by the statute of limitations; (2) fail to state a claim for relief under § 1983 against the individual Defendants; (3) are precluded by

6

qualified immunity; and (4) do not establish liability as to Upton County. (Doc. 5 at 2). The Court addresses each argument in turn.

### 1. Statute of Limitations

Defendants first argue Plaintiff's claims should be dismissed because they are barred by the statute of limitations. (Doc. 5 at 6). Limitations may permit dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). Stated differently, dismissal is proper if the complaint affirmatively shows the plaintiff's claims are time barred and there is no basis for tolling. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011). The forum state's general statute of limitations for personal injuries provides the applicable limitations period for § 1983 cases. *Matter of Hoffman*, 955 F.3d 440, 443 (5th Cir. 2020) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)). Accordingly, the statute of limitations for § 1983 claims in Texas is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE § 16.003. While state law controls the limitations period, federal law determines the issue of accrual. *Matter of Hoffman*, 955 F.3d at 444. Under federal law, "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Shelby v. City of El Paso*, 577 F. App'x 327, 331–32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Defendants contend Plaintiff's claims are barred because the acts giving rise to his claims occurred on January 29, 2023, and Plaintiff did not file his Complaint until September 9, 2025—more than two years later. (Doc. 5 at 7). Indeed, Plaintiff himself alleges that "[o]n January 29, 2023, Plaintiff was unlawfully stopped, assaulted, arrested and confined by deputies of the Upton County Sheriff's Office." (Doc. 1-2 at 4).

Although Plaintiff's pleadings are not entirely clear, he appears to assert two general categories of claims: federal claims under 42 U.S.C. § 1983 and state-law tort claims. (*See, e.g.*, Doc. 1 at 3, 5) (citing 42 U.S.C. § 1983 and alleging a "deprivation of Constitutional rights under color of law"); (Doc. 1-2 at 3–4) (alleging various personal injuries and emotional distress). Both sets of claims arise from the same alleged events, which Plaintiff states occurred on January 29, 2023. (Doc. 1-2 at 4). Plaintiff, however, did not file this action until September 9, 2025—two years, seven months, one week, and four days after his alleged injuries. (Doc. 1). The Court notes that "a lack of familiarity with the legal process or lack of legal assistance during the limitations period does not merit equitable tolling." *Bedburdick v. Davis*, No. 18-CA-329, 2018 WL 11489062, at *2 (W.D. Tex. Dec. 14, 2018) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)). Because Plaintiff filed his Complaint more than two years after the alleged injuries occurred, his claims are untimely.

As a final note, Plaintiff offers no meaningful response to Defendants' statute of limitations argument and instead merely restates the alleged constitutional and statutory violations asserted in his Complaint. (Doc. 8 at 4–9). Accordingly, Plaintiff has not preserved any opposition to dismissal on that basis. *Douglas v. Dorchester Props Ltd.*, No. 22-CV-100, 2023 WL 5156337, at *4 (N.D. Tex. May 17, 2023) ("At the motion to dismiss stage, plaintiffs must defend their claims against the movant's arguments in order to preserve those claims.

Courts are strict about this requirement, even when the plaintiff is *pro se*.") (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** (Doc. 5), and Plaintiff's § 1983 and state law claims be **DISMISSED WITH PREJUDICE**.

### 2. Failure to State a Claim, Qualified Immunity, and Municipal Liability

Despite recommending dismissal of Plaintiff's Complaint based on the statute of limitations issue, in the interest of thoroughness, the Court will consider whether Plaintiff has stated a claim upon which relief can be granted, whether Defendants are entitled to qualified immunity, and whether Plaintiff identified a policy or custom of Upton County upon which liability can be based.

### a. Failure to State a § 1983 Claim Against Individual Defendants

Defendants move to dismiss Plaintiff's § 1983 claims against them in their individual capacities for failure to state a claim upon which relief can be granted. (Doc. 5 at 2, 7). "To state a 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United Sates and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). The plaintiff must allege specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Here, Plaintiff invokes multiple constitutional provisions, and the Court must determine whether the factual allegations plausibly support a claim under each. *See Buchanek v. City of Victoria*, No. CIV.A. V-08-08, 2008 WL 4093623, at *4 (S.D. Tex. Aug. 28, 2008).

Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure are properly analyzed under the Fourth Amendment. *Tyson v. Sabine*, 42 F.4th 508, 515 (5th Cir. 2022) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that he was seized. *See Graham*, 490 U.S. at 388. Next, he must show he (1) suffered an injury; (2) that resulted directly and only from the use of force that was excessive to the need; and (3) that the force used was objectively unreasonable. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).

Here, Plaintiff alleges Defendant Perkins and another deputy, John Doe-1,[3] seized him during a traffic stop, placed him in handcuffs, grabbed and pulled his arm, and deployed a taser against him multiple times while he was handcuffed and "posing no threat." (Docs. 1 at 4; 1-2 at 4). Plaintiff further alleges he suffered physical injuries to his shoulder, knee, and back, as well as emotional and financial harm, as a result of the force used. *Id.* Accepting these factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged he suffered injuries resulting from force that may have been excessive and objectively unreasonable under the circumstances.

At the pleading stage, the Court's role is not to resolve factual disputes or determine whether the force used was ultimately justified, but only to determine whether Plaintiff has alleged sufficient facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678–79. Plaintiff's allegations that he was repeatedly tased while handcuffed and not resisting or posing a threat are sufficient to state a plausible Fourth Amendment excessive force claim against Defendants Perkins and John Doe-1. *See Darden v. City of Fort Worth*, 880 F.3d 722, 731 (5th

---

3. Although the case caption does not identify any "John Doe" defendant, the body of the Complaint refers to Defendant Perkins and "John Doe-1" as the officers involved in the alleged excessive force. (Doc. 1 at 4). Therefore, the Court construes Plaintiff's excessive-force allegations as asserted against Defendant Perkins and "John Doe-1."

Cir. 2018) (finding facts that alleged officer threw the plaintiff to the ground and tased him twice were sufficient to state a violation of a constitutional right for excessive use of force); *Blanchard v. City of Tyler Police Dep't*, No. 23-CV-00368, 2023 WL 8461651, at *3 (E.D. Tex. Oct. 31, 2023), *R. & R. adopted*, 2023 WL 8455042 (E.D. Tex. Dec. 6, 2023) (holding that similar claims "should proceed past the initial screening stage"); *Patterson v. Allen*, Civ. A. No. 12-CV-14, 2013 WL 4875092, at *2 (S.D. Tex. Sept. 11, 2013) (denying summary judgment and holding that "punching, or otherwise gratuitously harming, a handcuffed arrestee who had stopped resisting or was restrained constitutes excessive force"). Accordingly, Defendants' Motion to Dismiss should be denied as to Plaintiff's Fourth Amendment excessive force claim against Defendants Perkins and John Doe-1.

Plaintiff's remaining constitutional claims, however, are unsupported by the facts alleged. The Fifth Amendment applies only to actions by federal actors, and Plaintiff alleges conduct by county officials. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). The Sixth Amendment right to counsel attaches only after the initiation of adversarial criminal proceedings, which Plaintiff does not allege. *McFarland v. Lumpkin*, 26 F.4th 314, 322 (5th Cir. 2022) (internal citations omitted). The Eighth Amendment applies only following a criminal conviction, whereas Plaintiff only alleges facts related to pretrial detention. *Palermo v. Rorex*, 806 F.2d 1266, 1271 (5th Cir. 1987). The Thirteenth Amendment sought to abolish compulsory labor akin to the institution of slavery. *United States v. Kozminski*, 487 U.S. 931, 942 (1988). Plaintiff's Complaint provides no facts to suggest he was subjected to such involuntary labor. And to the extent Plaintiff invokes the Fourteenth Amendment, those claims are either duplicative of his Fourth Amendment claim or unsupported by independent factual allegations. *Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998) (applying the same analysis and standards to excessive force claims under the Fourth and

11

Fourteenth Amendment); *see Deris v. Normand*, No. CIV.A. 12-1456, 2014 WL 906185, at *9 (E.D. La. Mar. 7, 2014) (explaining a plaintiff does not have a "due process" claim under the Fourteenth Amendment if his claim is susceptible to analysis under a specific constitutional source). Here, Plaintiff's claim is susceptible to analysis under the Fourth Amendment, thus separate analysis under the Fourteenth Amendment is inapplicable and would be duplicative. *See Vega v. Gusman*, No. CV 20-1931, 2022 WL 912232, at *13 n.180 (E.D. La. Mar. 29, 2022).

Plaintiff also references various federal criminal statutes as a basis for relief. (Doc. 1 at 3). Private citizens lack standing to enforce federal criminal statutes, and such statutes do not create a private right of action. *See Escobedo v. Reynolds*, No. 24-CV-00773, 2025 WL 1699841, at *7 (W.D. Tex. June 5, 2025) (citations omitted). Plaintiff's claims based on federal criminal statutes therefore fail to state a claim upon which relief can be granted.

Accordingly, in the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claims arising under the Sixth, Eighth, Thirteenth, and Fourteenth Amendments and Plaintiff's claims based on federal criminal statutes. (Doc. 5). Further, the Court **RECOMMENDS** those claims be **DISMISSED WITHOUT PREJUDICE**. Finally, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED** as to Plaintiff's claim against Defendants Perkins and John Doe-1 under the Fourth Amendment pursuant to § 1983. (Doc. 5).

### b. Qualified Immunity

Defendants also assert they are entitled to qualified immunity in their individual capacities. (Doc. 5 at 9). Qualified immunity is an affirmative defense that "shields government officials acting within their discretionary authority from liability when their conduct does not

12

violate clearly established statutory or constitutional law of which a reasonable person would have known." *Wallace v. Cnty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017). "Because qualified immunity protects officers who 'reasonably but mistakenly' violate a plaintiff's constitutional rights, the deputies are entitled to qualified immunity if a reasonable person in their position 'would have believed that [their] conduct conformed to the constitutional standard in light of the information available to [them] and the clearly established law.'" *Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007) (citing *Goodson*, 202 F.3d at 736).

Accepting Plaintiff's allegations as true, he alleges that while handcuffed and posing no threat, Defendants Perkins and John Doe-1 repeatedly deployed a taser and physically attacked him. (Docs. 1 at 4; 1-2 at 4). Thus, as discussed above, Plaintiff has sufficiently alleged a Fourth Amendment violation against Defendants Perkins and John Doe-1. As to the second prong of the qualified immunity standard—whether the right was clearly established at the time of the challenged conduct—"[t]he Fifth Circuit has held on numerous occasions that an officer violates clearly established Fourth Amendment law when he or she inflicts physical harm upon a suspect that is handcuffed or otherwise subdued." *Lozano v. Ortega*, No. 14-CV-239, 2014 WL 6611595, at *6 (W.D. Tex. Nov. 19, 2014) (collecting cases). Here, Plaintiff alleges he was handcuffed and posing no threat at the time he was physically attacked by Defendants Perkins and John Doe-1. (Docs. 1 at 4; 1-2 at 4). Thus, construing Plaintiff's Complaint liberally and taking the facts he presents as true, the Court finds Defendants' actions of physically attacking a handcuffed arrestee constitute a violation of clearly established Fourth Amendment law.

*See Caldera v. Diaz*, No. 15-CV-90, 2015 WL 13731256, at *6 (W.D. Tex. Nov. 20, 2015), *R. & R. adopted*, 2016 WL 347351 (W.D. Tex. Jan. 28, 2016). Accordingly, Defendants Perkins and John Doe-1 are not entitled to qualified immunity at this stage as to Plaintiff's Fourth Amendment excessive force claim.

With respect to Plaintiff's remaining constitutional claims, however, Plaintiff has failed to plausibly allege the deprivation of any clearly established constitutional right. As explained above, Plaintiff's claims under the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, as well as his claims based on federal criminal statutes, fail to state a claim upon which relief can be granted. Where a plaintiff fails to allege facts establishing a constitutional violation, the qualified immunity inquiry ends at the first step. *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 410 (5th Cir 2009) ("If we determine that the alleged conduct did not violate a constitutional right, our inquiry ceases because there is no constitutional violation for which the government official would need qualified immunity."); *see also Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009) (explaining that, because the plaintiff failed to set forth a § 1983 claim, it was unnecessary to analyze the defendant's qualified immunity defense, as "[q]ualified immunity is only applicable as a protective shield once a plaintiff has made out a claim against an official acting in his individual capacity"). Thus, because Plaintiff has not plausibly alleged the deprivation of a constitutional right as to any Defendant other than Defendants Perkins and John Doe-1 on the Fourth Amendment excessive force claim, the remaining Defendants are entitled to qualified immunity in their individual capacities, and the qualified immunity inquiry does not proceed beyond the first prong as to those claims.

Accordingly, in the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendants' Motion to Dismiss based on

14

qualified immunity be **DENIED** as to Plaintiff's Fourth Amendment excessive force claim against Defendants Perkins and John Doe-1. The Court further **RECOMMENDS** Defendants' Motion to Dismiss based on qualified immunity be **GRANTED** as to Plaintiff's remaining claims brought against the other Defendants in their individual capacities.

### c.  Municipal Liability

Lastly, Plaintiff brings claims against Upton County, the Upton County Sheriff's Office, and the Dan W. Brown Law Enforcement Center. (Doc. 1 at 2). To state a § 1983 claim against Upton County, the Upton County Sheriff's Office, or the Dan W. Brown Law Enforcement Center, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski*, 237 F.3d at 578. Thus, Plaintiff must show "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021) (quotations omitted). The existence of an official policy or custom can be shown either through evidence of "an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policy-making authority," or by showing that there is a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at 680–81 (quotations omitted). "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." *Piotrowski*, 237 F.3d at 581.

Although Plaintiff names Upton County, the Upton County Sheriff's Office, and the Dan W. Brown Law Enforcement Center in the case caption, his Complaint fails to identify any

policy or custom, nor does he allege facts plausibly showing that any such policy or custom was the moving force behind a constitutional violation. *See Thompson v. Pruett*, No. 21-CV-371, 2022 WL 1518520, at *3 (E.D. Tex. Feb. 28, 2022), *R. & R. adopted*, 2022 WL 989461 (E.D. Tex. Mar. 31, 2022) (holding that such deficiencies warrant dismissal for failure to state a claim). Moreover, the Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991); *Crull v. City of New Braunfels*, 267 F. App'x 338, 341–42 (5th Cir. 2008) (unpublished) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department."). Here, the Upton County Sheriff's Office is indisputably a subsidiary department of Upton County. Plaintiff does not allege that Upton County has provided any jural authority to the police department to engage in litigation or even that the Upton County Sheriff's Office has a separate legal existence. Accordingly, the Upton County Sheriff's Office cannot be sued in its own name. *See Darby*, 939 F.2d at 313.

At most—though not entirely clear—Plaintiff appears to base his municipal liability claim on Defendant Perkins's conduct, alleging Defendant Perkins acted "by and through" the Upton County Sherrif's Office. (Doc. 1 at 4). To the extent Plaintiff asserts claims against Defendant Perkins in his official capacity, however, such claims are "treated as a claim against the entity itself." Clev*eland v. Liberty Cnty. Sheriff's Dep't*, No. 13-CV-20, 2014 WL 11858157, at *3 (E.D. Tex. May 5, 2014), *aff'd*, 626 F. App'x 540 (5th Cir. 2015) (citing *Kentucky v. Graham*, 437 U.S. 159, 166 (1985)). Even so, these allegations are insufficient to impose municipal liability on Upton County or its associated entities as a municipality may not be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs. of City of*

16

*New York*, 436 U.S. 658, 691 (1978). Rather, "[i]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id* at 694. Because Plaintiff does not allege the existence of any such policy or custom, nor facts plausibly linking a municipal policy or custom to the alleged injury, his municipal liability claim necessarily fails. *See Thompson*, 2022 WL 1518520, at *3.

Accordingly, in the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendants' Motion to Dismiss for failure to state a municipal liability claim be **GRANTED**. (Doc. 5).

### IV.    RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 5).

First, the Court **RECOMMENDS** Plaintiff's § 1983 and state law claims against Defendants be **DISMISSED WITH PREJUDICE**, as they are time-barred. *Id.*

In the event Plaintiff's claims are not dismissed for being barred by the statute of limitations, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's claims arising under the Sixth, Eighth, Thirteenth, and Fourteenth Amendments; Plaintiff's claims based on federal criminal statutes; and Plaintiff's claims against Upton County, Upton County Sheriff's Office, and the Dan W. Brown Law Enforcement Center and that those claims be **DISMISSED WITHOUT PREJUDICE**. *Id.* The Court further **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED** as to Plaintiff's claim against Defendants Perkins and John Doe-1 under the Fourth Amendment. *Id.*

Finally, the Clerk is **DIRECTED** to mail Plaintiff a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2026.

 

 

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).