**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **DRAKE ALLEN GAFFORD,** *Plaintiff,* | § | |
| **v.** | § | **MO:25-CV-00416-DC-RCG** |
| **COUNTY OF UPTON; UPTON COUNTY SHERIFF'S OFFICE; DAN W. BROWN LAW ENFORCEMENT CENTER; CINDY BROWN; LAURIE K. ENGLISH; STEVEN DODD; TYLER PERKINS; JERRY ROBERTSON; K.T. PRUETT; GRAHAM SMITH; OFFICE OF THE ATTORNEY GENERAL; and JANE DOE;** *Defendants.* | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Drake Allen Gafford's remaining claim against the Office of the Attorney General of Texas. (Docs. 1, 1-2).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

On March 5, 2026, the undersigned issued Reports and Recommendations ("R&R") recommending dismissal of Plaintiff's claims against all Defendants except the Office of the Attorney General ("OAG"). (Docs. 24–26). On April 22, 2026, the District Court adopted those R&R's and dismissed all other defendants, leaving the OAG as the sole remaining defendant. (Doc. 29). In that Order, the District Court expressly directed Plaintiff to complete service on the OAG within seven days of his receipt of the Order. *Id.*

1. Plaintiff filed this action using a standardized form complaint, which instructs litigants to "attach additional pages if needed." (Doc. 1 at 1). Consistent with that instruction, Plaintiff submitted a supplemental statement of claim contemporaneously with the form complaint. (Doc. 1-2). Accordingly, for the purposes of this action, the Court considers the form complaint and the attached supplemental statement together as a single, operative pleading. See Moreland v. McCoy, No. 18-CV-269, 2020 WL 13801471, at *3 (S.D. Tex. Jan. 2, 2020).

The Clerk mailed a copy of the April 22, 2026, Order to Plaintiff at his address of record, but the mailing was returned to the Court marked "Return to Sender; Unclaimed Unable to Forward." (Doc. 31). In light of that return, on May 22, 2026, the undersigned issued an Order to Show Cause noting that Plaintiff appeared to have changed addresses without notifying the Court and directing him, within seven days, to (1) provide a current mailing address and (2) show cause why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Orders. (Doc. 32). That Order expressly warned Plaintiff that if he failed to respond within seven days, or if the Order itself was returned as undeliverable, the case would be subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

On June 15, 2026, Plaintiff filed a "Response to Show Cause Order." (Doc. 33). In that filing, Plaintiff states that he still resides at the address previously provided, explains that he uses a P.O. Box to which his mail is forwarded, and supplies that P.O. Box as an additional mailing address. Plaintiff does not contend that he has served the OAG, does not request additional time to do so, and does not otherwise demonstrate any effort to effect service on the OAG during the more than nine months since this action was filed.

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after a complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," absent a showing of good cause for the failure. *See* FED. R. CIV. P. 4(m). More than nine months have now passed since Plaintiff filed this action, and the docket contains no proof of service on the OAG and no indication that the OAG has voluntarily appeared. Plaintiff has been expressly ordered to complete service within a specified time and warned that failure to do so could result in dismissal, yet he has still not taken any steps to serve the OAG or to show good cause for his failure.

Additionally, Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available in light of Plaintiff's inaction is to dismiss what is left of the Complaint for want of prosecution under Rule 41(b). For the same reasons, the Court further recommends that the Complaint should be dismissed in the interest of judicial economy. The undersigned recommends that the Court should dismiss the Complaint without prejudice to allow Plaintiff another opportunity to raise his claims, if necessary. *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice").

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

Therefore, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rules of Civil Procedure 4(m) and 41(b) for failure to timely serve the OAG, failure to prosecute, and failure to comply with the Court's Orders.

SIGNED this 17th day of June, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).